JOHN W. GOULD v. EUGENE ALTON.[1]

December 16, 1904.

Nos. 14,082—(100).

**Ejectment—Amended Findings.**

> In an action for the recovery of real property, *held*, that the evidence
> tends to support the findings of the trial court to the effect that the plain-
> tiff was entitled to the possession of the property, with a designated
> amount for the use of the same by the defendant; that the application for
> amended findings was properly refused, as well as that the court's con-
> clusion of law is correct.

Action of ejectment in the district court for Martin county. The
case was tried before Quinn, J., who found in favor of plaintiff for
possession of the premises and $80 for the use and detention thereof.
From an order denying a motion for amended findings and for a new
trial, defendant appealed. Affirmed.

*Mathwig & Sasse,* for appellant.

*Dean & Palmer,* for respondent.

LOVELY, J.

This was an action of ejectment brought for the recovery of forty
acres of land in Martin county, and for use and occupation. The
cause was tried to the court, who made findings of fact holding that
on October 14, 1902, one Hans Jorgenson was the owner in fee of the
land in dispute, which was vacant and unoccupied; that on that day
he sold and conveyed the same to plaintiff; that in the spring of 1903
the plaintiff, under his deed from such owner, entered upon the prem-
ises, and caused to be plowed and cultivated a portion of the land upon
which there were no buildings or structures; that thereafter the de-
fendant wrongfully entered upon the premises, and ousted plaintiff
from his possession, claiming to be entitled to the same under a written
lease from a previous owner of the premises (one John P. Runyan);
that the plaintiff demanded possession of the property, which was re-
fused; that at the time plaintiff purchased the premises from Jorgen-

[1] Reported in 101 N. W. 965.

son, in October, 1902, he had no notice or knowledge of the lease which the defendant had from Runyan, or that the defendant had or claimed any right, title, or interest in or to the premises. The court also found the value of the use of the premises while defendant was in possession to be $80, and held, as a conclusion of law, that plaintiff was the owner in fee of the premises, and entitled to recover the value of the use, at $80 for the detention of the tract in question.

Under the evidence in this case, it is sufficient to say that the findings of the court are amply sustained, and that the occupation by the plaintiff, which was lawful, entitled him to the continued possession thereof, as against any unrecorded lease of which he had no notice.

There was an application for amended findings, to the effect that, at the time of plaintiff's purchase, the defendant was in the exclusive possession of the property, and was cultivating the same, and that one Rouse was the agent of plaintiff in negotiating the purchase of the plaintiff, and had knowledge of this lease, and that he himself had such notice. These amended findings were refused. The questions on such amended findings are purely of fact, and it is sufficient to say that there was ample evidence to sustain the findings made by the court, and the evidence to sustain the proposed amended findings was not so clear, and their refusal was not so palpably against the weight of evidence, that we are authorized to grant a new trial.

The order appealed from is affirmed.